RAFAEL CARRIÓN, ETC., Plaintiff and Appellee, v. EUGENIO TORAL ET AL., Defendants and Appellants.

No. 6383.   Argued June 12, 1933.—Decided July 26, 1933.

*José Carbia Miranda* for appellants.   *Jaime Sifre, Jr.,* and *F. Ochoteco Jr.,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

On April 11, 1932, Rafael Carrión, as judicial administrator of Banco Comercial de Puerto Rico, brought suit against Eugenio Toral and his wife, Ignacia Cruz, to recover a mortgage debt amounting to $3,000 by an ordinary action.

Twenty-six days afterward he filed an amended complaint containing the allegation that the Toral-Cruz spouses, subsequent to the mortgage constituted in favor of plaintiff, executed another mortgage in favor of the West India Oil Co. for $2,500, and also the allegation that, after the original mortgage had been executed, the mortgaged property was attached to secure the effectiveness of any judgment that might be rendered in a suit brought by Manuel Ramos Pérez against the said Toral-Cruz spouses. The West India Oil Co. and Manuel Ramos Pérez were made parties defendant, and it was prayed that in rendering judgment, if the mortgaged property must be sold to collect the debt, the subsequent mortgage and attachment should be canceled.

Eugenio Toral and Ignacia Cruz were summoned on the 2d of May following, and the West India Oil Co. and Manuel Ramos, on the 9th. On June 7, 1932, the Toral–Cruz spouses appeared and demurred to the complaint. This demurrer was overruled on the 20th of that month. They answered on July 11, 1932, and denied generally and specifically each and every allegation of the complaint. The other defendants failed to appear, and their default was entered on September 20, 1932.

At this stage, the case went to trial on October 7 last with the appearance of the plaintiff and defendants, Toral-Cruz, represented by their respective attorneys. Said defendants set up want of jurisdiction of the court, and their objection was overruled. Plaintiff offered the testimony of witnesses which established his claim. The defendants, Toral–Cruz, presented no evidence, and the court rendered judgment "adjudging the defendants, Eugenio Toral and Ignacia Cruz, to pay to the plaintiff the sum of $3,000, as the amount of the mortgage debt sought to be recovered in this action... And it is ordered that if the defendants, Eugenio Toral and Ignacia Cruz, fail to pay the amounts claimed, the two properties described in the complaint shall

be sold at public auction; and after such auction has been held, the properties in question shall be released from the liens thereon held by the other defendants, West India Oil Co. and Manuel Ramos Pérez, and the registrar of property shall forthwith cancel the same."

The defendants, Toral and Cruz, took an appeal from said judgment to this court, and on the 29th of last May they filed the transcript of record.

On May 31, the plaintiff and appellee moved for a dismissal of the appeal as frivolous. The appellants did not appear at the hearing of the motion on June 12, but in a writing filed they opposed the dismissal and maintained that the appeal involves jurisdictional questions which are not frivolous.

They urge that it does not appear from the summons that the defendants were served with a copy of the amended complaint. The district court in the opinion which served as a basis for its judgment analyzes and correctly decides this question, thus:

"The defendants, Toral and Cruz, maintain that this court has not acquired jurisdiction over all the parties to the suit because the defendants, West India Oil Co. and Manuel Ramos Pérez, were erroneously notified of the original complaint as appears from the return of the marshal. The amended complaint was filed on April 27, 1932, and the summons issued on the same day. The process was served by the marshals on May 2 and 9, 1932, both officers certifying that they delivered to each of· the defendants a copy of the complaint in said suit. No evidence was introduced to show that a copy of the original complaint of April 11, 1932, was delivered to the defendants, West India Oil Co. and Manuel Ramos Pérez, instead of a copy of the amended complaint of April 27, 1932. The contention is based on the fact that according to the certificates of the marshals there was delivered to each of the defendants a 'true and correct copy of the complaint.' The citations or summons in this case consist of printed forms with their blanks properly filled out; and the marshal's return is also a printed form whose blanks have been filled out. The phrase 'true and correct copy of the complaint in this case' is printed.

"The case of *Gaudier* v. *Estate of Garcia,* 10 P.R.R. 25, has been invoked but the same is not applicable to the case at bar. It was there held that 'the failure to cite any of the defendants to answer the complaint deprives the court of jurisdiction of all the parties to the action and renders the proceedings had and the judgment rendered therein null and void.' That decision clearly refers to a case where any of the defendants has not been summoned. In the instant case each and all of the defendants were cited or summoned.

"The fact that the marshals failed to amend or correct the printed part of the certificate by inserting the word 'amended' before the word 'complaint', does not mean, in the absence of any evidence to the contrary, that the copy of the complaint delivered to the defendants, West India Oil Co. and Manuel Ramos Pérez, was not the one wherein they appear as defendants, that is the amended complaint. It must be remembered that these two defendants did not appear in the original complaint. They entered no plea in this court. The only indications there is of their failure to receive a copy of the amended complaint is the mere statement of that fact by the defendants Toral and Cruz, in an oral and unsworn motion."

Another ground of opposition set up by the appellants is that, as it was not originally made to appear that the person making the service was over 18 years of age, and no *nunc pro tunc* amendment of the return was made to show that fact, the service was null and void and hence the court acted without jurisdiction. They invoke the decision of this court in the case of *Quintana et al.* v. *Aponte, Mun. Judge,* 26 P.R.R. 169.

The objection is without merit. In the case cited this court said:

"The service was not made by the marshal. This is admitted. This being the case, the service can be made only by a person having the qualifications expressly prescribed by the law. One of those qualifications is that such person shall be over eighteen years of age. The return does not show that he was. No *nunc pro tunc* amendment of the said return has been asked for in order to show this. *Woodward* v. *Brown,* 119 Cal. 299. At the hearing on the defendant's motion to set aside the judgment of the municipal court the plaintiff failed to appear. And in no part of the petition for the writ of certiorari is it contended that the server of the summons was really

over eighteen years of age. Under such circumstances can it be held that the court acquired jurisdiction over the defendant? In our opinion the answer must be in the negative.''

Here the citations appear to have been served on the defendants, West India Oil Co. and Manuel Ramos, respectively by ''M. Náter Girona, Per (Sgd.) Severo Aybar, Deputy Marshal—San Juan'' and by ''Ramón Berríos, Marshal, Per (Sgd.) Francisco Miranda, Deputy Marshal—Bayamón.''

The fact must not be overlooked that the appellants are the Toral-Cruz spouses, who are the plaintiff's direct debtors and who appeared and submitted themselves to the jurisdiction of the court; and that the other defendants did so only for the purpose of opposing the cancellation of the liens which they held on the mortgaged property.

As to the evidence in the case, the same is not even included in the transcript of record. It was presented during the trial and remains uncontroverted.

The motion must be sustained, and accordingly the appeal must be dismissed as being frivolous.